**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| LLOYD STREATER, : | |
| Fed. Reg. No. 13016-014, : | PRISONER HABEAS CORPUS |
|      Petitioner, : | 28 U.S.C. § 2241 |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:12-CV-3007-WSD-JSA |
| J.A. KELLER, Warden, United : | |
| States Penitentiary, Atlanta, : | |
| Georgia, : | |
|      Respondent. : | |

**MAGISTRATE JUDGE'S FINAL ORDER AND REPORT AND RECOMMENDATION**

Petitioner Lloyd Streater, a federal prisoner presently confined at the United States Penitentiary in Atlanta, Georgia, seeks via 28 U.S.C. § 2241 to challenge the validity of his convictions and sentences in the United States District Court for the District of Connecticut. The matter is currently before the Court on the petition [Doc. 1]; the answer-response with attached exhibits [Doc. 8]; Respondent's motion to dismiss the petition [Doc. 9]; and Petitioner's reply [Doc. 10].

On December 17, 1999, a jury in the District of Connecticut found Petitioner guilty of conspiracy to possess with the intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846, and two counts of possession of cocaine with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). *See United*

*States v. Blount*, 291 F.3d 201, 204-205 (2d Cir. 2002); *United States v. Streater, et al.*, Criminal Action No. 3:97-CR-232-EBB-1 at Docket No 408. (PACER).[1] On May 26, 2000, Petitioner was sentenced to a net total of 480 months of imprisonment to be followed by five years of supervised release. (Doc. 8, Att. 1).

On May 30, 2002, the Second Circuit affirmed Petitioner's convictions and sentences. *Blount*, 291 F.3d at 219. The United States Supreme Court denied certiorari on January 13, 2003. *Streater v. United States*, __ U.S. __, 123 S. Ct. 938 (2003). Through counsel, Petitioner unsuccessfully sought § 2255 relief in the District of Connecticut when, on July 20, 2006, the court denied Petitioner's § 2255 motion in which he challenged his sentences as violating the holdings in *Crawford v. Washington*, 541 U.S. 36 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).[2] (Doc. 8, Atts. 3, 4).[3]

---

[1] Petitioner was indicted with eleven co-defendants, eight of whom entered guilty pleas prior to trial, and three with whom Petitioner was jointly tried. *See generally*, *United States v. Streater, et al.*, Criminal Action No. 3:97-CR-232-EBB.

[2] In *Crawford*, the Supreme Court held that admission of the defendant's wife's recorded statement violated his Sixth Amendment rights where she did not testify at trial. *Crawford*, 541 U.S. at 68-69.

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury,

2

Petitioner filed the instant § 2241 petition on August 22, 2012. (Doc. 1). Although he alleges that he challenges the execution of his sentences, in all of his claims Petitioner essentially disputes their validity. Petitioner also argues that he is "actually innocent" of his sentences, apparently based on the quantity of drugs the sentencing court attributed to him. (*See* Doc. 10 at 3).

"Generally, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255" in the sentencing court. *Lancaster v. Warden, FCC Coleman-Medium*, 433 F. App'x 783, 784 (11th Cir. 2011) (citing *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003)); *see also Hill v. Warden, FCC Coleman-USP II*, 364 F. App'x 587, 588 (11th Cir. 2010) ("Typically,

---

and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. Following *Apprendi*, the Supreme Court in *Blakely v. Washington*, 542 U.S. 296 (2004), defined "statutory maximum" for *Apprendi* purposes as "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*" or the maximum a judge may impose without any additional factual findings. *Blakely*, 542 U.S. at 303-04 (emphasis in original). In *Booker*, the Supreme Court found that the mandatory nature of the Sentencing Guidelines were incompatible with the holdings in *Apprendi* and *Blakely*. *Booker*, 543 U.S. at 245.

[3] The Government states that Petitioner filed another "out-of-time" § 2255 motion that was denied on May 30, 2002; however, the Government does not provide this motion for the record and it does not appear on the criminal docket of Petitioner's criminal case.

3

collateral attacks on the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255."); *Wattleton v. Beeler*, 186 F. App'x 852, 852-53 (11th Cir. 2006) ("Section 2255 is the primary method to collaterally attack a federal sentence[.]"). In contrast, actions brought under § 2241 are attacks on the execution, rather than the imposition of, a sentence. *Wattleton*, 186 F. App'x at 853. Because Petitioner seeks to challenge the validity of his 2000 convictions and sentences, the relief sought by him is only available in a § 2255 motion in the District of Connecticut. That Court, however, has already denied Petitioner's § 2255 motion challenging those convictions and sentences.

Nevertheless, Petitioner asks this Court to exercise jurisdiction pursuant to § 2241. Although § 2255 serves a gate-keeping function, it has not replaced the traditional writ of habeas corpus available under § 2241. *See United States v. Hayman*, 342 U.S. 205, 223 (1952) ("In a case where the Section 2255 procedure is shown to be 'inadequate or ineffective,' the Section provides that the habeas corpus remedy shall remain open to afford the necessary hearing."). This subsection of § 2255 is often referred to as the "savings clause."[4] Thus, if a federal

---

[4] Pursuant to 28 U.S.C. § 2255, "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to

4

prisoner can show that § 2255 does not provide an adequate or effective remedy, he may seek habeas corpus relief under § 2241. *Williams v. Warden, Federal Bureau of Prisons*, __ F.3d __, No. 11-13306, 2013 WL 1482283, at *1 (11th Cir. Apr. 11, 2013); *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1333 (11th Cir. 2013).

For over a decade, courts in this Circuit had exclusively applied a three-pronged test set forth in *Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999), to determine whether the petitioner sufficiently opened a "portal" to relief via the savings clause. Under the this test, the savings clause applied to a claim if: "(1) [the] claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Wofford*, 177 F.3d at 1244.

In an *en banc* decision in 2011, however, the Eleventh Circuit explained that the three-pronged *Wofford* test was "only dicta," and clarified that the actual

---

apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

5

AO 72A
(Rev.8/82)

holding in *Wofford* was "simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." *Gilbert v. United States*, 640 F.3d 1293, 1319 (11th Cir. 2011), *cert. denied*, __ U.S. __ , 132 S. Ct. 1001 (Jan. 9, 2012). Following *Gilbert*'s proclamation that the *Wofford* three-pronged test was merely *dicta*, Eleventh Circuit decisions had been inconsistent as to whether it still applies in savings clause cases. *Compare Marshall v. United States*, No. 12-13841, 2013 WL 1235549, at *1 n.3 (11th Cir. Mar. 28, 2013) (stating that even though the *Wofford* test was dicta, it still applied where the petitioner claimed he was convicted of a non-existent crime); *Taylor v. Warden*, No. 12-11993, 2013 WL 216665, at *1 (11th Cir. Jan. 22, 2013) (applying the *Wofford* test without discussing the fact that *Gilbert* had stated such test was dicta); and *Smith v. Warden, FCC Coleman-Low*, No. 12-10049, 2013 WL 104942, at *1-2 (11th Cir. Jan. 8, 2013) (appearing to apply the *Wofford* test even though the court stated that it noted in *Gilbert* that "certain language in *Wofford* was merely dicta" and that "the actual holding of *Wofford* was that the savings clause does not cover sentence claims that could have been raised in earlier proceedings.") with *Turner*, 709 F.3d at 1333-34 (noting that in *Gilbert*, "we recently retreated from the purported three-factor test enumerated in *Wofford* . . . [and] then held that

6

'the savings clause does not authorize a federal prisoner to bring in a § 2241 claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum.'"); and *Ramos v. Warden, FCI Jesup*, No. 12-13211, 2012 WL 6699114, at *2 (11th Cir. Dec. 26, 2012) (stating that "we have not fully defined the scope of the § 2255(e) savings clause," and noting that the *Wofford* test was "'only dicta'"). The most recent Eleventh Circuit published decision discussing the savings clause, however, appears to clarify that where, as here, a petitioner challenges a "fundamental defect in sentencing," in order to invoke the savings clause he must establish two necessary conditions: (1) the claim must be based upon a retroactively applicable Supreme Court decision; and (2) the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion. *Williams*, __ F.3d __, 2013 WL 1482283, at *10, *21 n.4.[5]

---

[5] Importantly, the Eleventh Circuit in *Williams* also clarified that while the three-part *Wofford* test may have been *dicta*, it still applies where a petitioner seeks to use the savings clause to raise an actual innocence claim when a Supreme Court decision subsequent to a conviction renders the offense conduct no longer criminal. *Williams*, 2013 Wl 1483383, at *9. Otherwise, the two-part test set forth in

In arguing that his sentence is invalid, Petitioner relies upon the Supreme Court decisions in *Jones v. United States*, 526 U.S. 227 (1999),[6] and *Apprendi* (discussed *supra*, in footnote 2). (Doc. 1). Pretermitting whether *Jones* would even apply to Petitioner's case, the decision in *Jones* was decided *before* Petitioner's convictions and first § 2255 motion, and does not satisfy his burden of demonstrating that the savings clause should apply. *See*, *e.g.*, *Turner*, 709 F.3d at 1334 (holding because the case the petitioner relied upon was decided before his § 2255 motion, the savings clause did not apply).

Additionally, the sentencing court specifically rejected Petitioner's *Apprendi* claim in his original § 2255 motion because the Second Circuit has held that *Apprendi* is not retroactively available on collateral review. (Doc. 8, Att. 4); *Pena*

---

*Williams* and discussed above applies to savings clause challenges to "fundamental sentence defects" – even if the petitioner's enhanced sentence exceeds the statutory maximum. *See Williams*, __ F.3d __, 2013 WL 1482283, at *21 (noting that "[t]here is not the slightest indication in the statutory text that the type of error [the petitioner] alleges – a sentence in excess of the statutory maximum – is or should be treated as warranting an exception to the bar on second or successive motions.").

[6] In *Jones*, the Supreme Court held that the provisions of the carjacking statute that established higher penalties when the offense resulted in serious physical injury or death set forth additional elements of the offense and not mere sentencing considerations. *Jones*, 526 U.S. at 251-52.

8

*v. United States*, 534 F.3d 92, 93 n.3 (2d Cir. 2008).[7] Since none of Petitioner's arguments 'rest upon a circuit law-busting, retroactively applicable Supreme Court decision,'" *Taylor*, 2013 WL 216665, at *5 (quoting *Wofford*, 177 F.3d at 1245), and because Petitioner could, and did, raise the claims he attempts to raise here in a previous § 2255 motion, Petitioner has failed to demonstrate that the savings clause should apply to his claims. *See, e.g., Deglace v. Warden, FCC Coleman-Low*, 484 F. App'x 307, 308 (11th Cir. 2012) (affirming district court's dismissal of § 2241 petition raising the issue that a jury should have been allowed to decide the drug quantity that triggered the petitioner's mandatory minimum sentence under § 841(b)(1)(A)(iii), because such claim was a sentencing claim that could have been, and was, raised in an earlier proceeding and the savings clause did not apply).

Thus, Petitioner cannot challenge his current federal convictions and sentences by way of the instant § 2241 application. Accordingly, the instant § 2241 application must be dismissed.

---

[7] The Eleventh Circuit similarly has held that *Apprendi* is not retroactively available on collateral review. *See Bennett v. Warden, FCI Jesup*, No. 12-12866, 2013 WL 53087, at *3 n.2 (11th Cir. Feb. 13, 2013); *Dohrmann v. United States*, 442 F.3d 1279, 1281-82 (11th Cir. 2006).

9

In light of the foregoing analysis, **IT IS RECOMMENDED** that the Government's motion to dismiss the petition [Doc. 9] be **GRANTED** and that the instant petition for writ of habeas corpus [Doc. 1] be **DISMISSED**.

**IT IS ORDERED** that the Government's motions for an extension of time to file its response [Docs. 6, 7] are **GRANTED** *nunc pro tunc*. The pleadings filed on December 26, 2012, are accepted as filed.

The Clerk is **DIRECTED** to terminate the referral to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED AND ORDERED** this 14th day of May, 2013.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE