IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LLOYD STREATER,

        Plaintiff,

v.

J.A. KELLER, Warden,

        Defendant.

1:12-cv-03007-WSD

## OPINION AND ORDER

This matter is before the Court on Plaintiff Lloyd Streater's ("Plaintiff" or "Streater") Objections [13] to Magistrate Judge Justin S. Anand's (the "Magistrate Judge") Final Order and Report and Recommendation ("R&R") [11].  The R&R recommends that the Court (1) grant Defendant J.A. Keller's ("Keller" or "Defendant") Motion to Dismiss with Supporting Memorandum and Response in Opposition to Petition for Writ of Habeas Corpus, filed on December 26, 2012 (the "Motion to Dismiss") [9], and (2) deny Plaintiff Lloyd Streater's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241(C)(3), filed on August 28, 2012 (the "Habeas Petition") [1].[1]

---

[1] On June 14, 2013, Plaintiff filed his Motion to Supplement Objections to the Magistrate's R&R [14].  The Court grants the motion and considers the supplemental material.

**I.     BACKGROUND**

Plaintiff, a federal prisoner presently confined at the United States Penitentiary in Atlanta, Georgia, seeks habeas relief under 28 U.S.C. § 2241 to challenge the validity of his convictions and sentences in the United States District Court for the District of Connecticut.

   A.     <u>The Underlying Facts</u>

On December 17, 1999, a jury in the District of Connecticut found Petitioner guilty of conspiracy to possess with the intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846, and two counts of possession of cocaine with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1).  [8-3, at 3].

On May 26, 2000, Plaintiff was sentenced to 480 months imprisonment, followed by five years of supervised release. [8-1].  In determining the sentence, the trial court interpreted the sentencing guidelines, including by estimating the volume of cocaine involved in the offense.  The estimate was based on sales of half a kilogram a week, for a total of 26 kilograms a year of cocaine sold, totaling approximately 200 kilograms of cocaine, which was attributed to Streater under the guidelines.  [8-3, 4-5].

Plaintiff filed a direct appeal, including his objections at sentencing based on the judge's findings of the drug quantity.  Plaintiff argued that the sentencing

judge's findings on quantity violated his constitutional right to have this sentencing-guideline enhancement factor determined by a jury, which he argued was required by Apprendi v. New Jersey, 530 U.S. 466 (2000). [8-3, 5-6]. On May 30, 2002, the Second Circuit rejected Plaintiff's argument, affirming his conviction and sentence. [11, at 2].

Plaintiff filed his habeas action in the District of Connecticut, seeking relief under 28 U.S.C. § 2255. He argued that his sentence violated his Sixth Amendment right to confrontation under United States v. Crawford, 541 U.S. 36 (2004) and his right, under United States v. Booker, 543 U.S. 220 (2005), to a have the jury determine the drug-quantity enhancement factor under a "beyond a reasonable doubt" standard.[2] [8-4, at 1].

On July 20, 2006, the District Court for the District of Connecticut denied Plaintiff's § 2255 petition on the basis that, under Second Circuit precedents, neither Crawford nor Booker applied retroactively to Plaintiff's claims. [Id. at 1].

On August 22, 2012, Plaintiff filed this action under 28 U.S.C. § 2241. In it, he reiterates the arguments he made on direct appeal and in his § 2255 petition.

---

[2] Plaintiff argues that Booker "reiterates" Apprendi's rule that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." [8-3, at 11].

[8-3, at 6-12]. Acknowledging that under § 2244(a), "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus . . . if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255[,]"[3] Plaintiff appears to argue that he is "actually innocent" of his sentence because an improper quantity of cocaine was attributed to him by the sentencing judge and thus the sentence is invalid. [10, at 3-4]. Plaintiff appears to argue that § 2255(e)'s "savings clause" allows his successive habeas petition.

On December 26, 2012, Defendant filed his Motion to Dismiss [9], arguing that the Court lacks jurisdiction because Plaintiff had "previously raised [the] same challenge[s] in a collateral attack . . . under 28 U.S.C. § 2255 before the sentencing court." [9, at 3]. Defendant argues that Plaintiff does not qualify for the "savings clause" under § 2255(e), which confers jurisdiction in a successive habeas petition, on the grounds that Plaintiff's claims are "not based upon a retroactively applicable

---

[3] Section 2255(e) states that "[a]n application for a writ of habeas corpus . . . shall not be entertained if it appears that . . . the court which sentenced him . . . has denied him relief, unless it also appears that the remedy [provided by the sentencing court] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The exception in this section is often called the "savings clause."

Supreme Court decision," and that Plaintiff "had an adequate opportunity to test the legality of his sentence through the prior § 2255 petition." [Id. at 5-6].

On May 14, 2013, the Magistrate Judge issued his R&R recommending that Defendant's Motion to Dismiss be granted. The Magistrate Judge found that Plaintiff "could, and did, raise the claims he attempts to raise here in a previous § 2255 motion," and concluded that Plaintiff was not entitled to maintain a § 2241 habeas petition under the savings clause of § 2255(e). [11, at 9].

### B.  Plaintiff's Objections to the Magistrate Judge's Findings and Recommendations

On May 24, 2013, Plaintiff filed his Objections. In them, Plaintiff makes two arguments why his habeas petition should be granted. First, he argues that Plaintiff is entitled to maintain this habeas petition under the savings clause of § 2255(e) because "the Eleventh Circuit decisions concerning [the savings clause] are inconsistent." Plaintiff asserts that the burden of proof is on the Government and the Magistrate Judge to show, "[i]n light of no pre-existing precedent stating that [the savings clause] may not apply," that Plaintiff does not actually qualify for the savings clause. [13, at 2, 4].

Plaintiff next argues that he qualifies for the savings clause because he is actually innocent of the sentence. Relying on Gilbert v. United States, 640 F.3d 1293 (11th Cir. 2011) (en banc), and Begay v. United States, 553 U.S. 137 (11th

5

Cir. 2008), Plaintiff argues that because the guidelines were inaccurately calculated, he is "actually innocent" of the sentence, and that actual innocence is a sufficient condition to invoke the savings clause. [13, at 3-5].

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1) (2006); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of objections, the Court reviews the Magistrate Judge's findings and recommendations for plain error. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).[4]

### B. Analysis

#### 1. *Plaintiff's First Objection*

Plaintiff argues that he qualifies for relief under the § 2255(e) savings clause

---

[4] There are no objections to the facts set out in the R&R. Finding no plain error in the facts, the Court adopts the facts in the R&R.

because the Government and the Magistrate Judge did not show he does not qualify. According to Plaintiff, the burden is on the Government and the Magistrate Judge to prove that Plaintiff does not qualify for the savings clause. [13, at 1-2, 4].

Plaintiff relies on Gilbert to support his contention that the Eleventh Circuit precedents on the savings clause are unclear or "inconsistent." Before Gilbert, the well-settled rule in the Eleventh Circuit was that the savings clause under 28 U.S.C. § 2255 "applies to a claim when: (1) that claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999); see Williams v. Warden, 713 F.3d 1332, 1342-43 (11th Cir. 2013); Gilbert, 640 F.3d at 1319. Plaintiff does not claim that a retroactively applicable decision of the Supreme Court established that Plaintiff was convicted of a non-existent offense.[5]

---

[5] In Gilbert, the Eleventh Circuit, in its discussion of the "actual innocence" exception under 28 U.S.C. § 2255(h)(1), stated that the "actual holding of the Wofford decision, which is undoubtedly correct, is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Gilbert, 640 F.3d at 1319. Eleventh Circuit cases after Gilbert continue to apply

Plaintiff had the opportunity to, and did, make the arguments he makes here to the Court of Appeals for the Second Circuit in his direct appeal and to the District Court for the District of Connecticut in his § 2255 habeas petition.  The two courts, on both occasions, rejected the arguments Plaintiff makes again in this action.  See [8-4] [11, at 2] [8-3, 5-6].  Plaintiff does not qualify for the savings clause under Gilbert, and Plaintiff's first objection is overruled.

   2.   *Plaintiff's Second Objection*

Plaintiff's second objection is that he is entitled to maintain this § 2241 habeas petition because he is "actually innocent of the sentence."  [13, at 3-5].

In Gilbert, the Eleventh Circuit discussed the "actual innocence" exception to the general rule in § 2255(h) that bars successive filings of § 2255 habeas petitions.[6]  The court held in Gilbert that "the savings clause [under 28 U.S.C. § 2255(e)] does not authorize a federal prisoner to bring in a § 2241 petition a

---

the Wofford test.  See Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333-34 (11th Cir. 2013); Marshall v. United States, No. 12-13841, 2013 WL 1235549, at 1 n.3 (11th Cir. Mar. 28, 2013); Williams, 713 F.3d at 1342-43.  Without deciding whether Gilbert in fact disturbed Wofford's well-settled standard for whether the savings clause applies, the Court finds that, even under Gilbert's reading of Wofford, Plaintiff still does not qualify for the savings clause.

[6] § 2255(h) bars successive filings of § 2255 habeas petitions absent "new evidence" that is exculpating or "new constitutional law" that is retroactive in a collateral review.

claim [that] would otherwise be barred by § 2255(h), [when] the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum." Gilbert does not support that the savings clause applies.

Plaintiff next argues that Begay supports a finding of actual innocence in this case. In Begay, the Supreme Court considered whether the crime of driving under influence was a "violent felony" that implicated an enhanced mandatory minimum sentence based on the defendant's having three prior convictions "for a violent felony." Applying the rule of lenity in its statutory construction, the Supreme Court held that the DUI offense was not a violent felony. See Begay, 553 U.S. at 143. Begay does not apply to Plaintiff's claim that he is "actually innocent" of his "sentence." Since §2255(e) is jurisdictional, and this action constitutes a successive habeas petition not within the savings clause, Plaintiff's second objection is required to be overruled. See Williams, 713 F.3d at 1340.

### III.    CONCLUSION

Having conducted its *de novo* review of Plaintiff's objections and, finding no plain error in any portion of the R&R to which Plaintiff did not object,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Supplement [14] is **GRANTED**.

9

**IT IS FURTHER ORDERED** that Plaintiff's Objections [13] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Justin S. Anand's Final Order and Report and Recommendation [11] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant J.A. Keller's Motion to Dismiss with Supporting Memorandum and Response in Opposition to Petition for Writ of Habeas Corpus [9] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Lloyd Streater's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241(C)(3) [1] is **DENIED**.

**SO ORDERED** this 19th day of August, 2013.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE