IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LLOYD STREATER,

   Plaintiff,

v.              1:12-cv-3007-WSD

J.A. KELLER, Warden,

   Defendant.

## OPINION AND ORDER

This matter is before the Court on Petitioner Lloyd Streater's Motion for Reconsideration [17] of the final order denying his § 2241 habeas corpus petition.

## I. BACKGROUND

On December 17, 1999, a jury in the District of Connecticut found Petitioner Lloyd Streater ("Petitioner") guilty of conspiracy to possess with the intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846, and two counts of possession of cocaine with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1).  On May 26, 2000, Petitioner was sentenced to 480 months imprisonment, followed by five years supervised release.

Petitioner filed a direct appeal, including his objections at sentencing,

arguing that the judge's finding on the quantity of cocaine violated his constitutional right to have this sentence-guideline enhancement factor determined by a jury.  On May 30, 2002, the Second Circuit rejected Petitioner's argument, affirming his conviction and sentence.

Petitioner filed a § 2255 habeas action in the District Court of Connecticut, arguing that his sentence violated his Sixth Amendment right to confrontation under <u>United States v. Crawford</u>, 541 U.S. 36 (2004) and his right, under <u>United States v. Booker</u>, 543 U.S. 220 (2005) to have a jury determine the drug-quantity enhancement factor under a "beyond a reasonable doubt" standard.  On July 20, 2006, the District Court for the District of Connecticut denied Petitioner's § 2255 petition on the basis that, under Second Circuit precedents, neither <u>Crawford</u> nor <u>Booker</u> applied retroactively to Petitioner's claims.

On August 21, 2012, Petitioner filed this action under 28 U.S.C. § 2241.  In it, he reiterates the arguments he made on direct appeal and in his § 2255 petition.  On August 19, 2013, the Court issued its order denying Petitioner's § 2241 petition on the grounds that Petitioner did not qualify for the "savings clause" of § 2255, prohibiting successive habeas petitions unless, (1) a claim is based upon a retroactively applicable Supreme Court decision, (2) the holding of that decision established that the petitioner was convicted for a nonexistent offense, and (3)

circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at petitioner's trial, appeal, or first § 2255 motion. Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999); see also Gilbert v. United States, 640 F.3d 1293, 1319 (11th Cir. 2011) (en banc). The Court concluded that Petitioner did not claim that a retroactively applicable decision of the Supreme Court established that he was convicted of a non-existent offense, and dismissed the petition on jurisdictional grounds.

On October 15, 2013, 57 days after the Court issued its order, Petitioner filed his Motion for Reconsideration. Petitioner's motion argues the substantive merits of his habeas petition, but fails to address the jurisdictional grounds for which the Court dismissed the petition.

## II. DISCUSSION

The Court construes Petitioner's Motion for Reconsideration as a motion for relief of judgment under Rule 60(b) of the Federal Rules of Civil Procedure.[1] Motions for reconsideration must be filed "within twenty-eight (28) days after the entry of the order or judgment." LR 7.2E, NDGa. Petitioner filed his petition 57

---

[1] It is unclear whether Petitioner's motion is based on Rule 59 or Rule 60. A Rule 59 motion to alter or amend the judgment is prohibited more than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Petitioner also fails to set forth facts or law of a strongly convincing nature to demonstrate why the Court should reconsider its decision pursuant to Rule 59.

days after the Court's order was issued and is considered untimely.

A motion for reconsideration "should be reserved for extraordinary circumstances, such as the discovery of new evidence, an intervening development or change in the law, or the need to correct a clear error or prevent manifest injustice." Adler v. Wallace Computer Servs., Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001); Preserve Endangered Areas of Cobb's History v. United States Army Corps of Eng'rs, 916 F. Supp. 1557, 1560-61 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).

In this case, Petitioner's motion consists only of substantive arguments about his original § 2255 petition, failing to argue that this Court has jurisdiction over Petitioner's § 2241 petition.  Petitioner does not allege any new evidence or intervening developments or changes in the law.  The only errors that Petitioner alleges are those that were decided on the merits in his original § 2255 petition. Petitioner has not shown any reason for the Court to reevaluate its judgment that Petitioner failed to demonstrate that the savings clause should apply to his claims, and reconsideration is required to be denied.

### III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner Lloyd Streater's Motion for

Reconsideration [17] is **DENIED**.

**SO ORDERED** this 17th day of December 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE